**Judy CORRIGAN**

v.

**METHODIST HOSPITAL, Sanford H. Davne and Donald Myers.**

Civ. A. No. 94–1478.

United States District Court, E.D. Pennsylvania.

Dec. 19, 1994.

---

Joseph L. Messa, Jr., Thomas W. Sheridan, Giuliana F. Robertson, Mark W. Tanner, Ominsky, Welsh and Steinberg, P.C., Philadelphia, PA, for plaintiff.

Nancy A. Nolan, Kimberly A. Cummings, Post & Schell, P.C., Philadelphia, PA, for defendant Methodist Hosp.

Kevin H. Wright, Amalia V. Romanowicz, Wright, Young & McGilvery, P.C., Plymouth Meeting, PA, for defendant Sanford H. Davne, M.D.

Daniel F. Ryan, III, Christine A. Egan, O'Brien & Ryan, Plymouth Meeting, PA, for defendant Donald Myers, M.D.

## MEMORANDUM

JOYNER, District Judge.

Today we address Plaintiff Judy Corrigan's motion for sanctions against Defendants Sanford H. Davne and Donald Myers. The sanctions Corrigan requests are expansive. The Proposed Order would give her the following relief:

(1) Plaintiff can inspect all documents in the possession of Defendant, Sanford H. Davne in any way relating to Acromed Corporation or its products;

(2) Plaintiff can inspect all documents in the possession of Defendant, Donald Myers in any way relating to Acromed Corporation or its products;

(3) Plaintiff can inspect all documents, not privileged, possessed by the counsel for the defendant physicians;

(4) Defendants must set forth all documents in which a privilege is claimed in a privilege log, identifying the content, location and custodian of the documents, and must present a copy of this log to the Plaintiff and to this Court within twenty (20) days; and

(5) This Court will inform the jury of the Defendants' failure to dutifully disclose the Stock Option Agreements.

In addition, she requests unspecified costs, expenses and attorney's fees and for this liability to be imposed jointly and severally among the defendants and their counsel.

The basis for Corrigan's request stems from alleged wrongdoing on the part of the defendant doctors personally and/or by their counsel concerning discovery of a certain Stock Option Agreement. Corrigan has attached copies of the Stock Option Agreements to her Motion. According to these agreements, each doctor apparently entered into an agreement with Acromed, wherein each was given the opportunity to purchase several hundred shares of Acromed stock. These contracts were made before the date of Corrigan's surgery.

 The pattern of requests to and responses from Myers is as follows:

**Plaintiff's Request for Production of Documents Addressed to Defendant, Donald Myers, M.D.**

# 24: Copies of any/all written agreements, contracts, or correspondence between defendant Davne, and defendant Acromed Corporation.

*Ans.* None in answering defendant's possession.

# 34: Copies of any/all stock, stock option, employment, agent, medical advisory board agreements or any documents evidencing any of the above or any financial interest, financial reimbursement for expenses, remuneration of interest of any sort in Acromed Corporation of the defendant, Donald Myers, M.D.

*Ans.* Answering defendant has no documents which evidence any financial interest, financial reimbursement for expenses and/or remuneration of interest of any sort in Acromed Corporation. A medical advisory board agreement will be provided by answering defendant, if he has one in his possession.

**Plaintiff's Second Request for Production of Documents Addressed to Defendant, Donald Myers, M.D.**

# 1: Any and all stock purchase agreements, stock option agreements, agreements to serve as members of the medical advisory board and/or any and all other documents, memoranda, correspondence or other memorialization of any and all agreements between Acromed Corporation and the defendant, including but not limited to, any financial interest, remuneration, reimbursement of expenses or potential for the same.

*Ans.* Answering defendant does not have any documents which show that he has a financial interest and/or received remuneration or reimbursement of expenses from Acromed Corporation. Any additional documents will be provided, if answering defendant has any in his possession.

*Oral Deposition of Donald Myers.*

Q: Are there any documents that set forth your relationship with Acromed as a member of their medical advisory board?

A: Yes, there is. You have that document.

Q: What would that document be, the Stock Option Agreement?

A: Yes.

Q: I don't know that we have that document.

\* \* \* \* \* \*

Q: Are you compensated in any way for your participation on Acromed's medical advisory board other than the Stock Option Agreement you just described?

A: No, I'm not.

\* \* \* \* \* \*

Q: Who pays your expenses to attend the meetings?

A: Acromed pays expenses.

\* \* \* \* \* \*

Q: Have you ever exercised any stock options?

A: No.

Corrigan asserts that any fair reading of the requests, which specifically request documents showing any financial interest in

Acromed, includes the Stock Option Agreement with Acromed. We agree.

Myers argues that document request 24 seeks agreements entered into by Davne, and that it is "absurd to imagine why Dr. Myers would have" such agreements in his possession. While this may be so, this argument does nothing to explain the responses he gave to the other discovery requests, which specifically sought information relating to Myers. Myers also argues that his response to the second document request number 1 is accurate because it "distinguished between (1) documents in his possession which establish a financial tie between himself and Acromed Corporation and (2) documents in his possession which establish an agreement with Acromed Corporation." He argues that he simply has not had time to answer the (self-created) second part of the request. He notes that he provided Corrigan with a copy of the Stock Option Agreement on October 14, 1994 (we note that this was eight days *after* Corrigan's request for sanctions was filed and two days after the date set by this Court's October 5, 1994 Order compelling disclosure).

Myers's explanations are not sufficient. A party is not at liberty to parse document requests and respond to them piecemeal. Federal Rule of Civil Procedure 34(b) states that responses to requests "shall state, with respect to *each* item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." Fed.R.Civ.P. 34(b) (emphasis added). Myers did not comply with this rule. There is no evidence that Myers and his counsel did not have ready access to the Stock Option Agreement that warranted a need to supplement his answer to second document request number 1 at a later time. Moreover, his answer does not fairly indicate the dissected reading he gave the request.

We find that Myers did not comply with discovery rules in that he ignored the fair reading of the requests and answered them in an unfair and unduly restricted manner. This defeats the purpose of discovery, and opens him up to sanctions.

■ The pattern of discovery regarding the Stock Option Agreement with Davne was as follows:

**Plaintiff's Request for Production of Documents Addressed to Defendant, Sanford Davne, M.D.**

\# 24: Copies of any/all written agreements, contracts, or correspondence between defendant Davne, defendant Myers and defendant Acromed Corporation.

*Ans.* None.

\# 34: Copies of any/all stock, stock option, employment, agent, medical advisory board agreements or any documents evidencing any of the above or any financial interest, financial reimbursement for expenses, remuneration of interest of any sort in Acromed Corporation of the defendant, Sanford Davne, M.D.

*Ans.* Objection. Request for production is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

**Plaintiff's Second Request for Production of Documents Addressed to Defendant, Sanford H. Davne, M.D.**

\# 1: Any and all stock purchase agreements, stock option agreements, agreements to serve as members of the medical advisory board and/or any and all other documents, memoranda, correspondence or other memorialization of any and all agreements between Acromed Corporation and the defendant, including but not limited to, any financial interest, remuneration, reimbursement of expenses or potential for the same.

*Ans.* Objection. This request for production is not reasonably calculated to lead to the discovery of relevant or admissible evidence.

*Oral Deposition of Sanford H. Davne*

Q: Have you ever received any stock option agreements from Acromed Corporation?

A: Yes.

\* \* \* \* \* \*

Q: Do you still have copies of those agreements?

A: Yes.

\* \* \* \* \* \*

Q: Have they ever, aside from reimbursing you for expenses which you have presumably paid out, reimbursed you for any time that you spent working on their behalf?

A: As I stated, I've only been reimbursed for expenses. I've never received any compensation from them.

\* \* \* \* \* \*

Q: Have you ever received any actual shares of Acromed Corporation or purchased any?

A: No.

Corrigan points out in her Motion that Davne's original response to her first document request number 24 was "See enclosed document regarding Acromed's Medical Advisory Board." This answer was changed to "None." The answer to number 34 originally was "None. Defendant does not have a financial interest in Acromed Corporation. See documents previously attaches to Request for Production number 24." This answer was changed to a relevancy objection.

If Davne's answer to 34 had remained a denial of any interest in Acromed, we would today hold that he had violated discovery along with Myers. However, he supplemented his response, as he was entitled to do, and changed it to a relevancy objection. We find that Davne's objections based on relevancy bring him within the umbrella of permitted discovery responses. We resolved his relevancy objections in our October 5, 1994 Order. Until that date, however, his objection, if held in good faith, was acceptable. Accordingly, we do not find that Davne is subject to sanctions for abuse of discovery.[1]

■ Corrigan also seeks sanctions against the defendants' counsel under 28 U.S.C.A. § 1927 for multiplying this litigation. Before imposing these sanctions, we must find that counsel acted in bad faith. *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1357 (3d

Cir.1990). Corrigan has not supported her claim of bad faith with any evidence. We note that this litigation is marked by cantakorous relationships between counsel and hard-ball lawyering. Given the tone of the litigation that Corrigan's counsel has helped to set, we will not now impose sanctions on some of the lawyers for doing what the others also do.

We turn now to imposing sanctions on Myers. We do not find Corrigan's proposed sanctions appropriate. She has not shown support for the drastic nature of the proposed sanctions, nor demonstrated their effectiveness at curing any prejudice she may have suffered. We note that Corrigan filed a Motion to Compel Responses from Myers as well as this Motion for Sanctions. Myers did not timely comply with our October 5, 1994 Order, but was only two days late. Accordingly, we only impose sanctions on the Motion to Compel.

An appropriate Order follows.

### ORDER

AND NOW, this 19th day of December, 1994, upon consideration of Plaintiff's Motion for Sanctions Pursuant to Rule 26 of the FRCP and 28 U.S.C. § 1927, the Motion is hereby GRANTED in PART. It is FURTHER ORDERED that Corrigan shall submit to this Court within ten days of the date of entry of this Order a bill of costs and attorney's fees incurred as a result of her Motion to Compel Full and Complete Discovery Responses from Defendant Donald Myers. Defendant Myers shall have five days to make payment to Plaintiff or file any objections to the bill of costs.

---

1. This Court finds that a fair reading of request number 24 could request only documents with Davne, Myers *and* Acromed as signatories. This reading would make Davne's answer of "none" an accurate one, since the Stock Option Agreements were entered into separately by Davne and Myers.